UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HERNANDEZ,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>W.J. SULLIVAN,<br><br>　　　　　　　　Respondent. | Case No. LACV 18-8221-JLS (LAL)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections and the remaining record, and has made a *de novo* determination.

　　In his Objections, Petitioner appears to refocus his claims for relief pursuant to a change in California law. Specifically, "Senate Bill 1437 amended [California] Penal Code section 188, effective January 1, 2019, and provided that, to be convicted of murder, a person must act with malice aforethought, which 'shall not be imputed to a person solely on his or her participation in a crime.'"[1] In other words, Senate Bill 1437 "eliminates natural and probable consequences

///

---

[1] Stevenson v. Madden, No. 20-CV-07340-VC, 2022 WL 867251, at *5 (N.D. Cal. Mar. 23, 2022) (quoting People v. Gentile, 10 Cal.5th 830, 838-39 (2020)).

1 liability for murder regardless of degree."² This change in state law, however, occurred after Petitioner's conviction became final in state court. Accordingly, it was not applicable at Petitioner's trial, did not guide the state courts' consideration of Petitioner's judgment on appeal, and cannot serve as the basis for finding here that the state courts' denial of Petitioner's claims was unreasonable.³ Nevertheless, California provides an avenue for retroactive application of Senate Bill 1437. In fact, under California law, "the exclusive avenue for retroactive relief under Senate Bill 1437" is to petition the sentencing court for relief pursuant to California Penal Code section 1170.95.⁴ Although this avenue for retroactive relief is available to Petitioner in the state courts, he is not entitled to relief under such a state law here.⁵

Petitioner's Objections otherwise lack merit for the reasons stated in the Report and Recommendation.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

DATED: July 19, 2022

HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

² Gentile, 10 Cal.5th at 847-48.

³ See Gulbrandson v. Ryan, 738 F.3d 976, 994-95, 1000 (9th Cir. 2013) (considering federal habeas claim through the lens of the state law in effect at the time of trial); Shackleford v. Hubbard, 234 F.3d 1072, 1078 (9th Cir. 2000) (same); Stevenson, 2022 WL 867251 at *5 ("At Stevenson's trial, the court correctly instructed the jury on the law in effect at that time. Likewise, the Court of Appeal's denial of this claim in August 2018 was based on the law in effect at that time. Therefore, although the law has changed, it does not change the fact that, at the time the Court of Appeal issued its decision, its ruling was objectively reasonable.").

⁴ Gentile, 10 Cal.5th at 853-59.

⁵ See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); see also Wilson v. Corcoran, 562 U.S. 1, 5, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (original emphasis).